S. K. THOMAS, Appellant, v. HIS CREDITORS,
Respondents.

No. 3925; January 4, 1865.

**Pleading.**—A Demurrer to a Complaint That is Good in Part should not be sustained, a cause of action being shown by such part irrespective of others that may be bad.

**Insolvents—Schedule—Alleged Fraud—Burden of Proof.**—On an issue of fraud the question whether property described in the schedule of an insolvent as "interest in land bought of ———" was not intended by such insolvent to indicate "The ——— tract," the names being identical, the burden is on the party asserting the fraud.

APPEAL from Fifteenth Judicial District, Butte County.

Jos. E. N. Lewis for appellant; Harris & Berry for respondents.

SHAFTER, J.—The demurrer of the appellant to the opposition of his creditors was properly overruled. Various acts of fraud were set forth, and should it be admitted that some of them were imperfectly stated, still there are others that are well stated and the demurrer cannot stand for the reason that it is not good to the whole extent of it.

The document designated in the record as "paper A" was introduced for the purpose of proving the averment in the opposition that the appellant was interested in a certain piece of land called in the paper the "Dorland tract" and not contained in his schedule of assets. Standing by itself, the document merely tended to prove that Thomas, at its date, had an interest in the tract named therein. In the list of assets annexed to the petition in insolvency, the following item occurs: "Interest in the land bought of James Dorland." In the absence of other proof, the intendment would be that the land so described in the schedule, was identical with the "Dorland tract" of paper A. The burden of proving that the two were not identical was upon the creditors, and we do not consider that they made out a case for the jury on that point by the mere force of the paper. If, in an action of ejectment, the plaintiff in proving up his title should give in evidence a deed

from A to B, followed by a deed from B to C, the intendment would be that the grantee in the one deed and the grantor in the other were one and the same person. The court in this case erred in submitting the point of identity to the jury as an open question of fact to be passed upon by them at discretion; and the error was repeated when the court at the plaintiff's request refused to instruct the jury that the land described in the deed from James Dorland to him, given in evidence by the respondents, was (prima facie) the land described in the schedule.

Judgment reversed and new trial ordered.

We concur: Sanderson, C. J.; Sawyer, J.; Rhodes, J.; Currey, J.